IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Rev. Patrick Hugh Ronald Morrison,
"PATRICK HUGH MORRISON©",

        Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Civil No. 05-1387-AS

ORDER

Mosman, Judge.

      Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action *pro se*. Currently before the court are Plaintiff's "Motion for Status of Case" (#5) and "Motion to Show Cause Why Defendants Should Not Be Held in Contempt/Motion for a Temporary Restraining Order and/or a Preliminary Injunction" (#6). For the reasons that follow, Plaintiff's motions are DENIED.

**BACKGROUND**

Plaintiff commenced this action with a 50-page Complaint containing myriad confusing allegations concerning treaty rights, the conditions of confinement endured by Plaintiff during his incarceration, and the conviction and sentence which resulted in his incarceration. On November 8, 2005, this court issued an order dismissing Plaintiff's complaint, advising him of the deficiencies, and granting him leave to file an amended complaint curing those deficiencies. Plaintiff has not yet filed an amended complaint.

**DISCUSSION**

A party moving for a preliminary injunction may meet its burden by showing either (1) probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998), affirmed, 526 U.S. 489 (1999); Johnson v. California Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Roe, 134 F.3d at 1402. Even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a

fair chance of success on the merits. <u>Johnson</u>, 72 F.3d at 1430.

As noted above, Plaintiff's complaint was dismissed, and he has not yet filed an amended complaint. As such, there are no claims currently pending. In the absence of an operative complaint, Plaintiff cannot conceivably demonstrate a substantial likelihood of success on the merits his claims such that mandatory injunctive relief would be warranted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Petitioner's Motion (#6) is DENIED. Moreover, because this court recently issued an order of dismissal, IT IS FURTHER ORDERED that Plaintiff's Motion for Status of Case (#5) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this __15__ day of November, 2005.

          /s/Michael W. Mosman
             Michael W. Mosman
             United States District Judge